## MARY A. HORNE *vs.* ED. H. HORNE.

### April Term, 1873.

DIVORCE, PETITION.—A petition for divorce should set forth the causes of complaint, in the words of the statute or equivalent words, and the circumstances of time and place with reasonable certainty.

SAME, SAME.—An allegation that the husband's " treatment has been cruel and inhuman in the extreme," without averring that it is such as "renders it unsafe and improper to cohabit with him and be under his dominion and control," is not sufficient, especially where the acts relied on to sustain the charge are detailed without any " circumstances of time and place," and scattered over a married life of seventeen years.

SAME, ADULTERY.—But a charge that the defendant " has lately and repeatedly been guilty of adultery " with a person named, will be sufficient if the evidence establish the adultery with all the " circumstances of time and place."

*M. M. Brien, Sr.*, for complainant.

*Jno. D. Brien*, for defendant

THE CHANCELLOR :—Bill for divorce and custody of the children five in number. The grounds upon which the complainant relies are cruel and inhuman treatment, habitual drunkenness fallen into since the intermarriage, and adultery.

The divorce laws of this state are very liberal, and are liberally construed, the restrictions thrown around their execution by the statutes themselves, or by the decisions of our supreme court being ignored in the practice of the lower courts. The positive restrictions of the law are confined almost entirely to a single section of the Code, 2452, which provides that "the petition shall set forth particularly and specially the causes of complaint, with circumstances of time and place with reasonable certainty." The supreme court have added that the cause of divorce relied on must be averred in the words of the statute, or words fully equal to those

of the statute, and that it is the duty of the court to see that the requirements of the statute are complied with although the defendant may not insist upon them, or make any defense. *Stewart* v. *Stewart*, 2 Swan, 591; *Rutledge* v. *Rutledge*, 5 Sneed, 554; *Shell* v. *Shell*, 2 Sneed, 716; *Cameron* v. *Cameron*, 2 Cold. 375; *Thomas* v. *Thomas*, 2 Cold. 123.

The statute provides that cruel and inhuman treatment on the part of the husband shall be a ground of divorce when it is such as " renders it unsafe and improper to cohabit with him and be under his dominion and control." There is no such allegation in this bill either in the words of the statute or equivalent words. The charge that his "treatment has been cruel and inhuman in the extreme " is pretty strong it must be admitted, but no amount of conduct which the complainant may choose to characterize in the language used, will suffice to sustain her application unless it is such as " renders it unsafe " for her to be under his dominion. There must be a positive allegation in the language of the act, or equivalent words.

The particular acts relied on to sustain this charge are detailed without any " circumstances of time and place," and scattered over a married life of 17 years. The bill is fatally defective upon this charge, and all proof under it irrelevant. For the purpose of the divorce it may be added that the acts proved fall far short of the charge, and have all been confessedly condoned.

The charge of habitual drunkenness is sufficient under the act but not sustained by the proof. All that the evidence shows is that he has been frequently intoxicated. One of the witnesses, the complainant's sister, it is true, does say that the defendant is a habitual drunkard. But this is the statement of a conclusion of law, of which the witness is not the judge. The facts shown do not justify the opinion.

The remaining charge is of adultery, and is in these words : " He has been guilty of divers acts of adultery with divers women, and, worse still, his adultery has not been confined

to his own color, but he has lately, and repeatedly been guilty of adultery with one Jill Battle, colored, and others whose names she does not know." The opening and closing words of this charge are manifestly too vague, and do not conform to the requirements of the law. The intermediate clause does designate the person with whom the adultery is charged to have been committed, and does, though vaguely, fix the time by the words "lately and repeatedly." There is, however, no designation of place, and I have hesitated whether I should not consider this defect fatal. If there had been a demurrer to this part of the bill, I certainly should have sustained it. And even if there had been no defense, I should, perhaps, have refused to hear proof upon so defective a charge. In the present case a vigorous defense has been made, and the evidence clearly establishes the adultery with the woman mentioned with all the " circumstances of time and place." Under these circumstances, I have felt warranted under the decision made in *Hackney* v. *Hackney*, 9 Hum. 450, to sustain the bill, and allow the divorce. It is needless to say that the fact that the complainant had herself voluntarily separated from her husband before the adultery committed, is no excuse to the husband.

The proof of drunkenness and cruel treatment, though not sufficient to sustain the application for divorce on either of those grounds, is sufficient to authorize and require the court to give the custody of the children to the mother. The defendant may have access to them at reasonable hours, and for limited periods, when entirely sober, but at no other time. The defendant will be charged with the costs and reasonable counsel fees to complainant's counsel for services in this suit, and with alimony, and a reference may be taken to ascertain what would be reasonable fees and alimony.